# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
|     Plaintiff, | |
|     v. | Civil Action No. 24-CV-00531 |
| STATE OF RHODE ISLAND | |
|     Defendant. | |

## **COMPLAINT**

1.    The United States of America (the "United States") brings this action to enforce the rights of children and young adults up to the age of 21 ("children") with behavioral health disabilities in the care and custody of Rhode Island Department of Children, Youth and Families ("DCYF") to receive services in the most integrated setting appropriate to their needs. The State of Rhode Island (the "State") administers and funds its programs and services for these children in a manner that results in their unnecessarily extended hospitalizations at Emma Pendleton Bradley Hospital ("Bradley Hospital"), an acute psychiatric hospital, and places them at serious risk of hospitalization there, in violation of Title II of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12132, and its implementing regulations, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794.

2.    Community-based behavioral health services that would enable the children stuck at Bradley Hospital to live in a family home exist within the State's

1

publicly funded behavioral health service system. The State could reasonably modify its policies, practices, and services to expand access to these services to prevent and remedy unnecessary psychiatric hospitalization of children in DCYF care and custody, but has failed to do so.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, because it involves claims arising under federal law. 42 U.S.C. § 12133, 29 U.S.C. § 794. The Court may grant the relief sought in this action pursuant to 28 U.S.C. §§ 2201-02; 28 C.F.R. §§ 35.170-174, 190(e).

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to this action occurred in the District of Rhode Island.

## PARTIES

5.    Plaintiff is the United States of America.

6.    Defendant, the State of Rhode Island, is a public entity within the meaning of the ADA, 42 U.S.C. § 12131(1), and is therefore subject to Title II of the ADA, 42 U.S.C. §§ 12131-34, and its implementing regulation, 28 C.F.R. pt. 35.

7.    The State of Rhode Island operates programs, services, and activities receiving federal funds, and is therefore subject to the requirements of Section 504. 29 U.S.C. § 794.

8.    The State administers and funds a system of services for children with behavioral health disabilities through various agencies and departments, and services are offered in both community-based settings and in segregated settings.

9.    DCYF is the state agency responsible for the delivery of appropriate mental health services to children with behavioral health disabilities and children with functional developmental disabilities. *See* R.I.G.L. § 42-72-5(b)(24). Mental health services may include treatment in a community-based setting, placement in a residential treatment facility, or, when acute short-term stabilization services are needed, hospitalization. *Id*.

10.    The Rhode Island Executive Office of Health and Human Services ("EOHHS") is responsible for managing DCYF, as well as the Department of Health ("DOH"), the Department of Human Services ("DHS"), and the Department of Behavioral Healthcare, Developmental Disabilities & Hospitals ("BHDDH"). *See* R.I.G.L. § 42-7.2-2. EOHHS is also the single state agency responsible for administering Rhode Island's Medicaid program, the State's largest funding source for children's behavioral health services, under Title XIX of the Social Security Act (the "Medicaid Act").

## FACTUAL ALLEGATIONS

### A.    Children with Behavioral Health Disabilities Are People with Disabilities Protected by the ADA and Section 504.

11.    Children with behavioral health disabilities who are in the care and custody of DCYF and who are hospitalized or at serious risk of hospitalization at Bradley Hospital have serious emotional disturbance, mental illness, and/or substance use

disorders. These are impairments that substantially limit one or more major life activity. Accordingly, these children are people with disabilities defined by the ADA and Section 504.

12.    The vast majority of children with behavioral health disabilities in the care and custody of DCYF are appropriate for and qualified to receive services in the community. The vast majority of those at Bradley Hospital have been deemed ready for discharge to a more integrated setting by their treatment team. These children have similar diagnoses and needs as children who live successfully at home, or in therapeutic foster care homes, and who receive community-based supports and services.

**B.    Bradley Hospital Is a Segregated, Institutional Setting.**

13.    Bradley Hospital is a private, acute psychiatric hospital located in East Providence, Rhode Island, that serves children and adolescents with serious behavioral needs who need short-term stabilization, assessment, and treatment for suicidal, aggressive, self-injurious or other similar behaviors. Bradley Hospital admissions are focused on providing short-term stabilization services designed to last one to two weeks.

14.    Psychiatric hospitals are quintessential congregate, segregated settings. Children receiving psychiatric treatment at Bradley Hospital typically do not interact with people other than patients and treatment staff, and their day-to-day life is highly restricted.

**C.    Community-Based Services Are Appropriate and Unopposed for the Overwhelming Majority of Children in DCYF Care and Custody who Are Hospitalized at Bradley.**

4

15.    DCYF is responsible for coordinating discharges of children in its care and custody from Bradley Hospital to placements with appropriate services in homes and communities.

16.    Critical community-based services to keep children in their homes and communities include mobile crisis and stabilization services, intensive care coordination, therapeutic foster care, and intensive in-home services.

17.    Children and their families do not oppose community-based services and would prefer to receive community-based services in a home or community setting rather than receive services in a psychiatric hospital.

18.    DCYF's own data reveals that the vast majority of children in its care and custody at Bradley have been deemed medically ready for discharge, but remain hospitalized at Bradley awaiting post-discharge services.

19.    While hospitalized, children remain away from their families, school, and communities. Many children in DCYF's care and custody remain hospitalized for months and, in some cases, for over a year.

20.    Children at Bradley in DCYF care and custody stay hospitalized for extended lengths of time, not because of medical necessity, but because of DCYF's failure to secure appropriate services to allow children to safely live with their family or in another community setting.

21.    Extended and unnecessary hospitalizations are traumatic for children, as well as for their families.

22.    These children then often experience repeated and unnecessary hospitalization because the ongoing supports that children and families need to avoid re-admission are not available when children are discharged from Bradley Hospital.

**D.    Rhode Island Could Make Reasonable Modifications to Provide Services to Children in a Family Home Setting, and to Minimize the Frequency and Length of Hospitalizations.**

23.    The State can make reasonable modifications to its community-based service systems to provide services to children with behavioral health disabilities who are hospitalized at Bradley Hospital, or at serious risk of entering Bradley Hospital, in their homes and communities instead.

24.    The types of services needed to support children with behavioral health disabilities in community-based settings already exist in Rhode Island's community-based service system.

25.    Under the Early and Periodic Screening, Diagnostic, and Treatment ("EPSDT") provisions of the Medicaid Act, Rhode Island's Medicaid program is required to provide children under the age of 21 with any service necessary to correct or ameliorate a mental illness or condition, including in-home and community-based behavioral health treatment.

26.    The State, through its Medicaid program, as well as through contracts funded by DCYF, administers community-based services, including mobile crisis and stabilization services, intensive care coordination, therapeutic foster care, and intensive in-home and community-based behavioral support services.

27.    Although community-based services are offered by the State, the demand for these services greatly exceeds the current supply. Even when the services

are available, they are not available in the amount, intensity, or duration sufficient to meet children's needs.

28.    The State has long known about the need for critical community-based services to prevent unnecessary hospitalizations.

29.    Nonetheless, children in DCYF care and custody continue to be unnecessarily admitted to Bradley Hospital for treatment, hospitalized for far longer than necessary, and not provided with discharge planning services to ensure their prompt transition to a less segregated setting with community-based services. When they do return home or to community-based settings, these children face the same lack of services that resulted in the initial hospitalization.

30.    Rhode Island can reasonably modify its community-based behavioral health services for children by increasing access to those services for the children who need them and by ensuring they are available in sufficient intensity to prevent unnecessary hospitalization.

31.    Rhode Island can reasonably modify its community-based service system by ensuring that the full array of services is available statewide as required by Medicaid. This array of services includes mobile crisis response and stabilization services, intensive care coordination, and intensive in-home services, such as wraparound facilitation, respite care, individual therapy, family therapy, behavioral support services, family peer support, and youth peer support.

32.    Rhode Island can reasonably modify the services offered by DCYF by ensuring that there is a sufficient provider network of therapeutic foster care homes

and other DCYF-funded services, such as intensive care coordination, to allow children to be served in the most integrated setting and to prevent unnecessary hospitalizations.

33.     Rhode Island can reasonably modify its service system by assessing children at serious risk of psychiatric hospitalization and quickly connecting them to appropriate crisis and stabilization services and other community-based services.

34.     Rhode Island can reasonably modify its service system by working with children in DCYF care and custody and their families when a child becomes admitted to Bradley Hospital to facilitate discharge and transition back to the community and by verifying whether those children are receiving access to necessary community-based services after they are discharged.

### E.     The Investigation by the Department of Justice and Health and Human Services.

35.      The U.S. Department of Health and Human Services ("HHS") initiated an investigation in late 2021 upon receiving complaints regarding excessive lengths of stay for children in DCYF care and custody who were admitted to Bradley Hospital. The U.S. Department of Justice joined HHS' investigation in July 2022. Following this investigation, the United States notified the Governor and Director of DCYF of its conclusion that the State fails to provide services to children with behavioral health disabilities in the care and custody of DCYF in the most integrated setting appropriate to their needs, as required by the ADA and Section 504. Attachment A, Letter of Findings (May 13, 2024). The attached Letter of Findings, and the factual allegations made therein, are incorporated into this Complaint by reference.

36.     The Letter of Findings provided the State notice of its failure to comply with the ADA and Section 504 and identified the steps necessary for the State to meet its obligations pursuant to federal law.

37.     All conditions precedent to the filing of this Complaint have been satisfied.

## FIRST CAUSE OF ACTION
### Violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131-12134

38.     The allegations of Paragraphs 1 through 37 of this Complaint are hereby re-alleged and incorporated by reference.

39.     Defendant, State of Rhode Island, is a public entity subject to Title II of the ADA, 42 U.S.C. § 12131(1).

40.     As described above, the State violates the ADA by administering the State's children's behavioral health service system in a manner that fails to ensure that such children receive services in the most integrated setting appropriate to their needs. 42 U.S.C. §12132; 28 C.F.R. pt. 35.130.

41.     The State's actions constitute discrimination in violation of Title II of the ADA, 42 U.S.C. §12131 *et seq.*, and its implementing regulations at 28 C.F.R. pt. 35.

## SECOND CAUSE OF ACTION
### Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794

42.     The allegations of Paragraphs 1 through 41 of this Complaint are hereby re-alleged and incorporated by reference.

43.     Defendant, State of Rhode Island, is a covered entity for purposes of Section 504 because it operates a program or activity receiving federal funds.

44.     As described above, the State violates Section 504 by administering the State's children's behavioral health service system in a manner that fails to ensure that such children receive services in the most integrated setting appropriate to their needs. 29 U.S.C. § 794.

## PRAYER FOR RELIEF

The United States of America prays that the Court:

A.  Grant judgment in favor of the United States on its Complaint and declare that the Defendant has violated Title II of the ADA, 42 U.S.C. § 12131-12134, and Section 504, 29 U.S.C. § 794;

B.  Enjoin Defendant from:

1.  Discriminating against children with behavioral health disabilities in DCYF's care and custody by failing to provide services, programs, or activities in the most integrated setting appropriate to their needs; and

2.  Failing to provide appropriate, integrated community services, programs, or activities to children with behavioral health disabilities in DCYF's care and custody so children are placed at serious risk of psychiatric hospitalization; and

C.  Order such other appropriate relief as the interests of justice may require.

Respectfully submitted this 19th day of December, 2024.


**FOR THE UNITED STATES OF AMERICA:**


ZACHARY A. CUNHA
United States Attorney
District of Rhode Island


  */s/Amy R. Romero*
AMY R. ROMERO
Assistant United States Attorney
United States Attorney's Office
District of Rhode Island
One Financial Plaza, 17th Floor
Providence, RI 02903
Phone: (401) 709-5010
Amy.Romero@usdoj.gov




**Of Counsel:**
United States Department of Health and Human Services
SAMUEL R. BAGENSTOS
General Counsel
MELANIE FONTES RAINER
Director, Office for Civil Rights